**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BASTIAN HUTAPEA; UMEISA SINAMBELA, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 06-71619 <br><br> Agency Nos. A096-346-398 <br> A096-346-399 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009[**]

Before:      GOODWIN, WALLACE, and FISHER, Circuit Judges.

Bastian Hutapea and his wife, Umeisa Sinambela, natives and citizens of

Indonesia, petition for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's decision denying their

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's adverse credibility determination, *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002), and dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's determination that petitioners failed to demonstrate changed circumstances excusing the untimely filing of their asylum application because the underlying facts are disputed. *Cf. Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam). Accordingly, we dismiss the petition as to the asylum claim.

Substantial evidence supports the agency's adverse credibility determination because Hutapea's testimony about the harm his mother-in-law suffered was materially inconsistent with his prior testimony and declarations. *See Kohli v. Gonzales*, 473 F.3d 1061, 1071 (9th Cir. 2007). In the absence of credible testimony, Hutapea failed to establish eligibility for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, because Hutapea's CAT claim is based on the same testimony the agency found not credible, and he points to no other evidence the agency should

have considered, substantial evidence supports the agency's denial of CAT relief. *See id*. at 1156-57.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**